UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20177-CR-LENARD(s)

18 U.S.C. § 1347
18 U.S.C. § 371
18 U.S.C. § 2
18 U.S.C. § 287
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

JOSE PRIETO,
ARMANDO JORGE HERRERA, and
HECTOR MARTINEZ,

Defendants.
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### General Allegations

At all times relevant to this Superseding Indictment,

1.  The Medicare Program ("Medicare") was a federal health care program providing benefits to persons who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b). Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2. "Part B" of the Medicare program covered outpatient hospital services and professional services provided by physicians. Part B also covered certain drugs provided "incident to" a physician's service. These drugs were usually not self-administered. The covered medications included medications that were administered by infusion, i.e., the slow introduction of a solution into a vein, or, alternatively, by injection, in a physician's office or in a medical clinic.

3. Payments under the Medicare program were often made directly to a physician or provider of the goods or services, rather than to the beneficiary. This occurred when the provider accepted assignment of the right to payment from the beneficiary. In that case, the provider submitted the claim to Medicare for payment, either directly or through a billing company.

4. Various entities were under contract to provide services to CMS. Medicare Part B was administered in Florida by First Coast Service Options, Inc. (FCSO), which, pursuant to contract with the United States Department of Health of Human Services, served as a contracted carrier to receive, adjudicate, and pay Medicare Part B claims submitted to it by Medicare beneficiaries, physicians, or suppliers of health care items and services, including outpatient hospital services and professional services provided by physicians.

5. Physicians, clinics, and other health care providers that provided services to Medicare beneficiaries were able to apply for and obtain a "provider number." In the application, the provider acknowledged that to be able to participate in the Medicare program, the provider must comply with all Medicare related laws and regulations. A health care provider who was issued a Medicare provider number was able to file claims with Medicare to obtain reimbursement for services provided to beneficiaries.

6. After obtaining a provider number, the doctor or clinic then submitted or caused the claims to be submitted to an entity that processed those claims for CMS. For example, in Florida, claims for most Part B services were submitted to FCSO.

7. In order to bill the Medicare Program for services rendered, physicians, clinics and other health care providers submitted a claims form, Form 1500, to FCSO. When Form 1500 was submitted, usually in electronic form, the provider certified that the contents of the form were true, correct, complete, and that the form was prepared in compliance with the laws and regulations governing the Medicare Program.

8. A Medicare claim was required to set forth, among other things, the beneficiary's name and Medicare identification number, the services performed for the beneficiary, the date the services were provided, the cost of the services, and the name and rendering provider identification number (PIN) of the physician or other health care provider who rendered the services.

9. As a general rule, Medicare Part B would cover the administration of prescription medications for Medicare beneficiaries by infusion, or by injection. Such services were paid for by Medicare Part B if, among other requirements, they were medically needed by the patients and ordered by a treating physician.

10. Coral Way Health Center, Inc. ("Coral Way"), a Florida corporation located in Miami, Florida, listed its owner as co-conspirator Barbara Diaz. Coral Way was purportedly engaged in business to provide outpatient services to Medicare beneficiaries, had a Medicare provider number, K9813, and was eligible to receive reimbursement from Medicare for outpatient services that were supplied to beneficiaries.

3

11. Defendant **ARMANDO JORGE HERRERA** was sole registered agent and officer of JECA Management. LLC ("JECA Management"), which had bank accounts with Intercontinental Bank and Eastern National Bank. Defendant **ARMANDO JORGE HERRERA** was listed on the signature card for these JECA Management accounts.

12. Defendant **HECTOR MARTINEZ** was the sole registered agent and officer of M&M Management & Consulting ("M&M Consulting"), which had a bank account with Citibank.

13. Defendants **JOSE PRIETO, ARMANDO JORGE HERRERA,** and **HECTOR MARTINEZ,** controlled and operated Coral Way.

## COUNT 1

### (Conspiracy to Defraud the United States and to Commit Federal Offenses:18 U.S.C. § 371)

1. Paragraphs 1 through 13 of the General Allegations section of this Superseding Indictment are realleged and incorporated by reference as if fully set forth herein.

2. From in or around November 2005, and continuing through in or around December 2006, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, defendants,

**JOSE PRIETO,
ARMANDO JORGE HERRERA,
and
HECTOR MARTINEZ,**

did willfully, that is, with the intent of furthering the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury:

(A) to defraud the United States by impeding, impairing, obstructing and

defeating, through deceitful and dishonest means, the lawful government functions of the United States Department of Health and Human Services in its administration of the Medicare Program;

        (B)    to commit an offense against the United States, that is, to violate Title 18, United States Code, Section 1347, by knowingly and willfully executing, and attempting to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services; and

        (C)    to commit an offense against the United States, that is, to violate Title 18, United States Code, Section 287, by making and presenting to any person or officer in the civil, military, and naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, and fraudulent.

### Purpose of the Conspiracy

3.    It was a purpose of the conspiracy for **JOSE PRIETO, ARMANDO JORGE HERRERA** and **HECTOR MARTINEZ** to unlawfully enrich themselves by submitting or causing the submission of false and fraudulent claims to Medicare Part B for the cost of outpatient services purportedly provided to Medicare beneficiaries.

### Manner and Means of the Conspiracy

The manner and means by which defendants and their co-conspirators sought to accomplish the purpose and objects of the conspiracy included, among others, the following:

4. Barbara Diaz would incorporate Coral Way and obtain a Medicare provider number for Coral Way in order to submit Medicare claims to be reimbursed for the cost of medically unnecessary outpatient services that Coral Way supposedly had provided Medicare beneficiaries.

5. **JOSE PRIETO** would hire a licensed physician, Dr. R.A., as the medical director for Coral Way.

6. **JOSE PRIETO, ARMANDO JORGE HERRERA** and **HECTOR MARTINEZ** would cause the submission of false and fraudulent claims to Medicare on behalf of Coral Way, seeking reimbursement for the cost of medically unnecessary outpatient services purportedly rendered by Dr. R.A.

7. **JOSE PRIETO, ARMANDO JORGE HERRERA** and **HECTOR MARTINEZ** would cause Coral Way to submit approximately $912,613 in false and fraudulent claims to Medicare and would receive approximately $287,502 in Medicare payments.

8. Barbara Diaz would obtain reimbursement from Medicare and cause funds from these payments to be transferred to **JOSE PRIETO, ARMANDO JORGE HERRERA** and **HECTOR MARTINEZ.**

9. **ARMANDO JORGE HERRERA** and **HECTOR MARTINEZ** would cause money received from fraudulent Medicare claims submitted on behalf of Coral Way to be transferred to bank accounts controlled by them.

### Overt Acts

In furtherance of the conspiracy, and to accomplish its purpose and objects, at least one of the conspirators committed, or caused to be committed, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the following overt acts, among others:

6

1. On or about January 2, 2006, co-conspirator Barbara Diaz signed a Medicare Enrollment Application, whereby she certified that she agreed to abide by the Medicare laws, regulations, and program instructions applicable to Medicare providers, in order to obtain a provider number for Coral Way.

2. On or about July 14, 2006, **ARMANDO JORGE HERRERA** paid Y.A. approximately $350, in the form of check number 725, drawn on JECA Management's checking account, in return for Y.A. to serve as an infusion technician at Coral Way.

3. On or about July 21, 2006, **ARMANDO JORGE HERRERA** paid Y.A. approximately $350, in the form of check number 733, drawn on JECA Management's checking account, in return for Y.A. to serve as an infusion technician at Coral Way.

4. On or about July 29, 2006, **HECTOR MARTINEZ** paid M.P. approximately $250, in the form of check number 751, drawn on JECA Management's checking account, in return for M.P. to serve as an infusion technician at Coral Way.

5. In or about August of 2006, **HECTOR MARTINEZ** contacted Coral Way's billing company to inquire about how to obtain reimbursement from Medicare for anesthetic injections.

6. On or about August 25, 2006, co-conspirator Barbara Diaz, **JOSE PRIETO, ARMANDO JORGE HERRERA** and **HECTOR MARTINEZ** caused a superbill to be transmitted via facsimile to Accurate Express Billing related to patient J.G. for service date August 23, 2006, in order to claim reimbursement from Medicare for services not provided to J.G.

7. On or about September 22, 2006, **ARMANDO JORGE HERRERA** caused a cashier's check to be purchased by JECA Management in the amount of approximately $23,700 payable to M&M Consulting.

8.  On or about September 25, 2006, co-conspirator Barbara Diaz, **JOSE PRIETO**, **ARMANDO JORGE HERRERA** and **HECTOR MARTINEZ**, through Coral Way, submitted and caused to be submitted a false and fraudulent claim to Medicare, seeking reimbursement of approximately $590.00 for the injection of an anesthetic agent purportedly rendered by Dr. R.A. and provided to Medicare beneficiary K.W.

9.  On or about September 26, 2006, **ARMANDO JORGE HERRERA** caused a check drawn on a Coral Way account at Wachovia Bank to be paid to JECA Management, in the amount of approximately $7,000.

10. On or about October 2, 2006, **JOSE PRIETO** paid Dr. R.A. approximately $2,200, in the form of check number 98, drawn on Coral Way's bank account, and executed by co-conspirator Barbara Diaz, in return for Dr. R.A. to continue to serve as Coral Way's medical director.

11. On or about October 23, 2006, **ARMANDO JORGE HERRERA** and **HECTOR MARTINEZ** caused a check drawn on a Coral Way account at Wachovia Bank to be paid to JECA Management, in the amount of approximately $72,880.

12. On or about October 23, 2006, **ARMANDO JORGE HERRERA** caused a check in the amount of approximately $72,880 drawn on a Coral Way account to be deposited in an account controlled by him, in the name of JECA Management, at Intercontinental Bank, in Miami, Florida.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-3

### (Health Care Fraud: 18 U.S.C. §§ 1347 and 2)

1.  Paragraphs 1 through 13 of the General Allegations section of this Superseding

Indictment are realleged and incorporated by reference as if fully set forth herein.

2. From in or around November 2005, and continuing through in or around December 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JOSE PRIETO,
ARMANDO JORGE HERRERA,
and
HECTOR MARTINEZ,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud Medicare, a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, that is: the defendants caused the submission of claims to Medicare, through FCSO, that falsely and fraudulently sought reimbursement for medically unnecessary outpatient services and that falsely and fraudulently failed to disclose the fact that they had not been rendered by physician R.A.

## Purpose of the Scheme and Artifice

3. It was a purpose of the scheme and artifice for **JOSE PRIETO, ARMANDO JORGE HERRERA** and **HECTOR MARTINEZ** to unlawfully enrich themselves by submitting or causing the submission of false and fraudulent claims to Medicare for the cost of outpatient physician services.

## The Scheme and Artifice

4. The allegations in Paragraphs 4 through 9 of the Manner and Means section of Count

1 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### Acts in Execution of the Scheme and Artifice

5. On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, **JOSE PRIETO, ARMANDO JORGE HERRERA** and **HECTOR MARTINEZ**, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program:

| Count | Beneficiary | Claim Date | Description of Outpatient Service | Amount Paid by Medicare |
|---|---|---|---|---|
| 2 | J.G. | 8/28/06 | Anesthetic Agent Injection | $293.57 |
| 3 | K.W. | 9/25/06 | Anesthetic Agent Injection | $356.48 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

10

## COUNTS 4-5

### (Submission of False Claims: 18 U.S.C. §§ 287 and 2)

1. Paragraphs 1 through 13 of the General Allegations section of this Superseding Indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about the dates enumerated below, in Miami-Dade County, in the Southern District of Florida, the defendants,

**JOSE PRIETO,**
**ARMANDO JORGE HERRERA,**
**and**
**HECTOR MARTINEZ,**

did make and present to a person or officer in the civil, military, and naval service of the United States, and to a department or agency thereof, the following claims upon and against the United States, and a department or agency thereof, knowing such claims to be false, fictitious, and fraudulent:

| Count | Beneficiary | Claim Date | Description of Outpatient Service | Amount Paid by Medicare |
|---|---|---|---|---|
| 4 | J.G. | 8/28/06 | Anesthetic Agent Injection | $293.57 |
| 5 | K.W. | 9/25/06 | Anesthetic Agent Injection | $356.48 |

All in violation of Title 18, United States Code, Sections 287 and 2.

11

## FORFEITURE
### (18 U.S.C. § 982)

1. The allegations contained in Counts 1-5 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which defendants **JOSE PRIETO**, **ARMANDO JORGE HERRERA** and **HECTOR MARTINEZ**, have an interest pursuant to the provisions of Title 18, United States Code, Section 982(a)(7).

2. Pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of **JOSE PRIETO, ARMANDO JORGE HERRERA** and **HECTOR MARTINEZ**, for any of the offenses charged in this Superseding Indictment, the defendants shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense or any property real or personal which was involved in the offense or any property traceable to such property. Such forfeiture shall include, but not be limited to:

   (a) a money judgment in the amount of $287,502.67, which represents the gross proceeds of the fraud;

   (b) all funds on deposit and interest accrued thereto at Wachovia Bank, account number xxxxxxxx4128, in the name of Coral Way Health Center, Inc.;

   (c) all funds on deposit and interest accrued thereto at Intercontinental Bank, account number xxx8205, in the name of JECA Management;

(d) all funds on deposit and interest accrued thereto at Eastern Bank, account number xxxxxx6906, in the name of JECA Management; and

(e) all funds on deposit and interest accrued thereto at Citibank, account number xxxxxx1884, in the name of M&M Consulting.

3. If the property described above as being subject to forfeiture, as a result of any act or omission of **JOSE PRIETO, ARMANDO JORGE HERRERA or HECTOR MARTINEZ,**

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to or deposited with a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as made applicable through Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of **JOSE PRIETO, ARMANDO JORGE HERRERA or HECTOR MARTINEZ,** up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 982(a)(7) and the procedures set forth at Title 21, United States Code, Section 853, as made applicable through Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
ARIANNE CALLENDER
SPECIAL TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE

UNITED STATES OF AMERICA

vs.

JOSE PRIETO,
ARMANDO JORGE HERRERA, and
HECTOR MARTINEZ,

Defendants.
_____/

CASE NO. 07-20177-CR-LENARD(s)

**CERTIFICATE OF TRIAL ATTORNEY***

Case Information:

**Court Division:** (Select One)

_X_ Miami  ___ Key West
___ FTL    ___ WPB    ___ FTP

New Defendant(s)             Yes _X_  No ___
Number of New Defendants          _2_
Total number of counts            _5_

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  Yes
   List language and/or dialect  Spanish

4. This case will take _5_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                                  (Check only one)

   I    0 to 5 days       _X_         Petty      ___
   II   6 to 10 days      ___         Minor      ___
   III  11 to 20 days     ___         Misdem.    ___
   IV   21 to 60 days     ___         Felony     _X_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No)  _Yes_
   If yes:
   Judge: Joan A. Lenard                     Case No. 07-20177-CR-LENARD(s)
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  _Yes_
   If yes:
   Magistrate Case No.  07-2255-Turnoff
   Related Miscellaneous numbers:
   Defendant(s) in federal custody as of
   Defendant(s) in state custody as of
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)  _No_

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? ___ Yes  _No_ No

8. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 1999? ___ Yes  _No_ No
   If yes, was it pending in the Central Region?  ___ Yes  ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  _No_ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003?  ___ Yes  _No_ No

ARIANNE CALLENDER
Court Identification Number A5501065
United States Department of Justice
Criminal Division, Fraud Section

*Penalty Sheet(s) attached

REV 1/14/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ARMANDO JORGE HERRERA

**Case No:** 07-20177-CR-LENARD(s)

Count #: 1

Conspiracy to Defraud the United States and to Commit Federal Offenses

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five years' imprisonment

Counts #: 2 - 3

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:** Ten years' imprisonment

Counts #: 4 - 5

False, Fictitious, or Fraudulent Claims

Title 18, United States Code, Section 287

**\*Max. Penalty:** Five years' imprisonment


**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: HECTOR MARTINEZ

Case No: 07-20177-CR-LENARD(s)

Count #: 1

Conspiracy to Defraud the United States and to Commit Federal Offenses

Title 18, United States Code, Section 371

*Max. Penalty: Five years' imprisonment

Counts #: 2 - 3

Health Care Fraud

Title 18, United States Code, Section 1347

*Max. Penalty: Ten years' imprisonment

Counts #: 4 - 5

False, Fictitious, or Fraudulent Claims

Title 18, United States Code, Section 287

*Max. Penalty: Five years' imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.